IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARL WAYNE GALLIMORE, JR.,      )
                                )
            Petitioner,         )
                                )
      v.                        )     1:09CV809
                                )
R. DAVID MITCHELL,              )
                                )
            Respondent.         )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 16, 1991, in the Superior Court of Rockingham County, Petitioner pled guilty to two counts of first-degree sexual offense in cases 91CRS537 and -538. Petitioner was then sentenced to two consecutive terms of life imprisonment. Petitioner did not file a direct appeal. In fact, Petitioner filed nothing in his case until he submitted a motion for appropriate relief in the trial court in August of 2006. He eventually pursued that motion through the state courts without success before filing his current Petition in this Court. Respondent has filed a motion seeking to have the Petition dismissed. Petitioner has filed a response to the Motion to Dismiss and the matter is now ripe for disposition.

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1).[2] As the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period [for § 2254 petitions] begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since the foregoing consensus emerged, however, the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n. 3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (implying that Houston's prison mailbox rule governed determination of § 2254 petition's filing date). Because the difference between the dates on which Petitioner signed his instant Petition (i.e., the earliest date on which he could have provided it to prison officials for mailing) and the date on which the Clerk received the Petition would have no effect on the timeliness of the filing, the Court declines to consider this issue further.

[2] This provision applies to petitions filed under § 2254 after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320 (1997).

-2-

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008).

In this case, Petitioner's conviction thus became final in 1991. Because this date preceded the AEDPA's enactment, Petitioner then had until one year after the AEDPA's effective date, i.e., until April 24, 1997, to file his Petition in this Court. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). Petitioner missed this deadline by more than twelve years and his Petition thus fails if § 2244(d)(1)(A) controls this case.[3]

Petitioner does not allege that § 2244(d)(1)(B) applies in the present case, but he does assert that § 2244(d)(1)(C) extended his filing time. Specifically, Petitioner points to a decision that he claims a state court judge made in another person's case in April of 2009. That decision obviously did not come from the United States Supreme Court. Further, none of the several claims raised in the Petition arise from any recently recognized constitutional rights or recent Supreme Court decisions. As a result, § 2244(d)(1)(C) does not apply.

---

[3]Although Petitioner sought collateral relief in the state courts, he failed to do so until August 2006, after his time to file in this Court had already expired under § 2244(d)(1)(A). State court filings made after the one-year limitations period has expired do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

-3-

The last statutory starting point for the AEDPA's one-year limitation period is the date on which Petitioner could have discovered the factual predicate for his claims through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Petitioner makes an unsupported statement that he can satisfy this subparagraph of § 2244 because "the aforesaid errors enumerated in this document could not have been discovered with due diligence but in the year 2009." (Docket Entry 1 at 14.) A review of the Petition belies this conclusory assertion. All of Petitioner's claims relate to facts surrounding his guilty plea and sentencing in 1991. None contain new facts or facts immune from prior discovery. Petitioner therefore cannot rely on any of the subparagraphs of 28 U.S.C. § 2244(d)(1) to defeat Respondent's statute of limitations defense.

Finally, the Supreme Court has determined that the AEDPA's one-year limitation period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Neither of these circumstances applies in the present case. Accordingly, Respondent's Motion to Dismiss should be granted and the Petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 4) be granted, that the Habeas Petition

(Docket Entry 1) be dismissed, and that Judgment be entered dismissing this action.

                                                                           /s/ L. Patrick Auld
                                                                               **L. Patrick Auld**
                                          **United States Magistrate Judge**

September 21, 2010